DAY, APPELLANT, *v.* DAY, APPELLEE.

[Cite as *Day v. Day* (1992), 64 Ohio St.3d 1202.]

(No. 91–1455—Submitted May 20, 1992—Decided July 1, 1992.)

---

*Maryann B. Gall,* for appellant.

*Jeffrey A. Grossman Co., L.P.A.,* and *Jeffrey A. Grossman,* for appellee.

---

SWEENEY, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

MOYER, C.J., HOLMES and WRIGHT, JJ., dissent.

MOYER, C.J., dissenting. I would affirm the judgment of the court of appeals.

HOLMES, J., dissenting. I disagree with the majority in determining that this case was improvidently allowed. In addition to having a basic philosophic concern with the "improvidently allowed" rule, I believe that this case should be reversed in part, and law be set forth on the issue of the appropriate handling by domestic relations courts of unfunded, unvested retirement benefits found in company plans.

When a contingent, unfunded and unvested retirement benefit constitutes a major asset of the marital estate, it is error to award one half of its actuarially computed present value to the non-employed spouse, payable forthwith from other assets, and to award the contingent retirement benefit to the employed spouse without providing the employed spouse some contemporaneous assurance that the contingent retirement benefit will in fact be paid. Accordingly, I dissent.

WRIGHT, J., concurs in the foregoing dissenting opinion.